NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNALDO QUIROZ-MAYA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72244

Agency No. A092-382-893

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Reynaldo Quiroz-Maya, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We dismiss in part and deny in part the petition for review.

To the extent Quiroz-Maya challenges the agency's case-specific particularly serious crime determination, we lack jurisdiction to consider this unexhausted contention.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").  For the same reason, we lack jurisdiction to consider his unexhausted contention that his conviction under California Penal Code § 288(a) is not a "crime of violence" as defined in 18 U.S.C. § 16(a).  *Ibid*.  The Supreme Court's intervening decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held the definition of "crime of violence" in 18 U.S.C. § 16(b) is impermissibly vague, is inapposite here, where the agency did not apply 18 U.S.C. § 16(b) in its crime of violence analysis.

Substantial evidence supports the agency's denial of CAT relief, where Quiroz-Maya failed to show it is more likely than not he would be tortured by or with the acquiescence of a government official in Mexico.  *See* 8 C.F.R. § 1208.18(a)(1).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**